PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

## FORT WORTH DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY
### A PERSON IN STATE CUSTODY

PAUL DAVID STOREY
PETITIONER
(Full name of Petitioner)

POLUNSKY UNIT
CURRENT PLACE OF CONFINEMENT

vs.

00999538
PRISONER ID NUMBER

LORIE DAVIS
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the Petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.      Only judgments entered by one court may be challenged in a single petition.  A separate petition must be filed to challenge a judgment entered by a different state court.

6.      Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.      Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices.  The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.      Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

### What are you challenging?  (Check all that apply)

| | | |
|---|---|---|
| ✓ | A judgment of conviction or sentence, probation or deferred-adjudication probation. | (Answer Questions 1-4, 5-12 & 20-25) |
| | A parole revocation proceeding. | (Answer Questions 1-4, 13-14 & 20-25) |
| | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-25) |
| | Other:_____ | (Answer Questions 1-4, 10-11 & 20-25) |

### All petitioners must answer questions 1-4:

**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.)  Failure to follow this instruction may result in a delay in processing your case.

1.      Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

         Criminal District Court Number Three, Tarrant County, Texas

         _____

2.      Date of judgment of conviction: September 15, 2008 _____

3.      Length of sentence: Death _____

4.      Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: 1042204D Capital Murder _____

         _____

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.   What was your plea? (Check one)    ✓ Not Guilty        Guilty        Nolo Contendere

6.   Kind of trial: (Check one)    ✓ Jury      Judge Only

7.   Did you testify at trial?    Yes    ✓ No

8.   Did you appeal the judgment of conviction?    ✓ Yes    No

9.   If you did appeal, in what appellate court did you file your direct appeal? Texas Court of

Criminal Appeals                        Cause Number (if known): AP-76,018

What was the result of your direct appeal (affirmed, modified or reversed)? affirmed

What was the date of that decision? October 6, 2010

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Grounds raised: N/A


Result: N/A

Date of result: N/A                        Cause Number (if known): N/A

If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

Result: writ denied

Date of result: April 4, 2011

10.  Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.    ✓ Yes    No

11.  If your answer to 10 is "Yes," give the following information:

Name of court: Criminal District Court No. Three, Tarrant County, Texas

Nature of proceeding: State Writ of Habeas Corpus

Cause number (if known): C-3-009076-1042204-A Court of Criminal Appeals WR-75,828-01

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: <u>May 26, 2010</u>

Grounds raised: <u>See Attached Continuation Document</u>

Date of final decision: <u>June 15, 2011</u>

What was the decision? <u>Relief Denied</u>

Name of court that issued the final decision: <u>Texas Court of Criminal Appeals</u>

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: <u>Criminal District Court No. Three, Tarrant County, Texas</u>

Nature of proceeding: <u>Subsequent State Writ of Habeas Corpus</u>

Cause number (if known): <u>Texas Court of Criminal Appeals Cause Number 75,828-03</u>

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
<u>March 31, 2017</u>

Grounds raised: <u>Petitioner's Eighth and Fourteenth Amendment rights were violated when the</u>

<u>State suppressed favorable evidence and lied to the jury during final arguments of the (cont.)</u>

Date of final decision: <u>October 2, 2019</u>

What was the decision? <u>The state district judge granted relief, but (cont.)</u>

Name of court that issued the final decision: <u>Texas Court of Criminal Appeals</u>

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?      Yes      ✓ No

   (a)   If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

   _____

   (b)   Give the date and length of the sentence to be served in the future: _____

   _____

**GROUNDS RAISED IN FIRST STATE WRIT: (P.4):** Ineffective assistance of trial counsel; race motivated peremptory jury strikes by state; unconstitutional limitation of defense voir dire of prospective jurors; Texas death penalty statute and procedure are unconstitutional.

**GROUNDS RAISED AS TO ANY SECOND PETITION: (P.4):** punishment stage of the proceedings.

**WHAT WAS THE DECISION?: (P. 4).** he was overruled by the Texas Court of Criminal Appeals in a per curiam opinion with three dissents. The merits of these claims were found to be meritorious by the state district judge but were not reached by the Court of Criminal Appeals who denied the writ on procedural grounds. Petitioner has filed a separate motion under the all writs act, attacking the failure of the Court of Criminal Appeals to reach the merits and asking this Court to remand to the Court of Criminal Appeals to address the merits. Petitioner has also filed a motion pursuant to Rule 60(b), Fed. R. Civ. Pro. regarding his first in time §2254.

**IF YOU HAVE FILED MORE THAN TWO PETITIONS: (P. 4).** After the first state writ was denied, Petitioner filed a first in time, §2254 in federal district court in Fort Worth, Texas on June 14, 2012, cause number 4:11-CV-00433-Y, carrying forward the grounds alleged in the first state writ. The grounds raised were ineffective assistance of trial counsel (failure to investigate mitigating evidence), a *Batson* violation, and the unconstitutionality of the Texas death penalty statute. That §2254 was denied. Writ of Certiorari was denied by the United States Supreme Court on October 7, 2015. Petitioner has also filed a Rule 60(b) Motion with regard to the first in time §2254.

      (c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?     Yes     No

**<u>Parole Revocation:</u>**

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?     Yes     No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**<u>Disciplinary Proceedings:</u>**

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?
       Yes     No

16.    Are you eligible for release on mandatory supervision?     Yes     No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18.    Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?     Yes     No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    _____

    _____

    _____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
       Yes     No

    If your answer to Question 19 is "Yes," answer the following:

    <u>Step 1</u>  Result: _____

         Date of Result: _____

Step 2 Result: _____

    Date of Result: _____

**All petitioners must answer the remaining questions:**

20.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.    **GROUND ONE:** SEE ATTACHED CONTINUATION DOCUMENT
_____

_____

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    The victim's parents, Dr. and Glenn Cherry, informed the trial prosecutors, long before trial

    that they were opposed to the death penalty and that they did not want the Petitioner to receive

    the death penalty. The prosecutors hid that fact from Petitioner's trial lawyers, appellate and

    writ lawyers, and from the undersigned counsel. At trial during punishment, the prosecutors

    argued falsely to the jury that the victim's family wanted the jury to return a death (continued)

B.    **GROUND TWO:** SEE ATTACHED CONTINUATION DOCUMENT
_____

_____

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    The victim's parents, Dr. and Glenn Cherry, informed the trial prosecutors, long before trial

    that they were opposed to the death penalty and that they did not want the Petitioner to receive

    the death penalty. The prosecutors hid that fact from Petitioner's trial lawyers, appellate and

    writ lawyers, and from the undersigned counsel. At trial during punishment, the prosecutors

    argued falsely to the jury that the victim's family wanted the jury to return a death (continued)

**A. GROUND ONE (p. 6):** The State of Texas denied Applicant his right to Due Process under the Fourteenth Amendment to the Constitution of the United States by arguing aggravating evidence the prosecution knew to be false.

**SUPPORTING FACTS (P. 6):**  sentence. The prosecutors further attempted to cover up their misconduct by perjuring themselves at the state writ hearing.

**B. GROUND TWO (p. 6):** The prosecution introduced false evidence, thereby depriving Mr. Storey of a fair punishment trial and in violation of the Fourteenth Amendment to the Constitution of the United States.

**SUPPORTING FACTS (p. 6):** sentence. The prosecutors further attempted to cover up their misconduct by perjuring themselves at the state writ hearing.

C.      **GROUND THREE:** SEE ATTACHED CONTINUATION DOCUMENT

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

The victim's parents, Dr. and Glenn Cherry, informed the trial prosecutors, long before trial

that they were opposed to the death penalty and that they did not want the Petitioner to receive

the death penalty. The prosecutors hid that fact from Petitioner's trial lawyers, appellate and

writ lawyers, and from the undersigned counsel. At trial during punishment, the prosecutors

argued falsely to the jury that the victim's family wanted the jury to return a death (continued)

D.      **GROUND FOUR:** SEE ATTACHED CONTINUATION DOCUMENT

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

The victim's parents, Dr. and Glenn Cherry, informed the trial prosecutors, long before trial

that they were opposed to the death penalty and that they did not want the Petitioner to receive

the death penalty. The prosecutors hid that fact from Petitioner's trial lawyers, appellate and

writ lawyers, and from the undersigned counsel. At trial during punishment, the prosecutors

argued falsely to the jury that the victim's family wanted the jury to return a death (continued)

21.     Relief sought in this petition: A new trial on punishment

**C. GROUND THREE (p. 7):** The State of Texas denied Applicant his right to Due Process under the Fourteenth Amendment to the Constitution of the United States by suppressing mitigating evidence.

**SUPPORTING FACTS (p. 7):** sentence. The prosecutors further attempted to cover up their misconduct by perjuring themselves at the state writ hearing.

**D. GROUND FOUR (p. 7):** By arguing false aggravating evidence and suppressing mitigating evidence, the State of Texas has rendered the death sentence unreliable under the Eighth and Fourteenth Amendments to the Constitution of the United States.

**SUPPORTING FACTS (p. 7):** sentence. The prosecutors further attempted to cover up their misconduct by perjuring themselves at the state writ hearing.

22.   Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ✓ Yes          No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

<u>June 14, 2012 - denied-This is a second in time, initial sec. 2254. It is not a "second or</u>

<u>successive" sec. 2254 within the meaning of 28 U.S.C. sec. 2244.</u>

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?          Yes   ✓ No

23.   Are any of the grounds listed in question 20 above presented for the first time in this petition?
Yes          ✓ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24.   Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?          Yes   ✓ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)   At preliminary hearing: <u>William Ray and Larry Moore, Ft. Worth, TX 761</u>

(b)   At arraignment and plea: <u>same as above</u>

(c)   At trial: <u>same as above</u>

(d)   At sentencing: <u>same as above</u>

(e)   On appeal: <u>John Stickels, 726 North Fielder Road, Arlington, TX 76012</u>

(f)   In any post-conviction proceeding: <u>Robert Ford (deceased)& Mike Ware,Ft Worth, TX</u>

    (g)    On appeal from any ruling against you in a post-conviction proceeding: _____

    Robert Ford (deceased) & Mike Ware, 300 Burnett St., Suite 160, Ft. Worth, TX 76102

**Timeliness of Petition:**

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

    The factual predicate of the claims presented could not have been discovered through reasonable diligence prior to January 4, 2017. A properly filed application for the State post-conviction review was filed on March 31, 2017 tolling the statute until it was denied on October 2, 2019. Totals to under one year.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, Petitioner prays that the Court grant him the relief to which he may be entitled.

_michael Zan Ware_
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_____ (month, day, year).

Executed (signed) on _6-24-2020_____ (date).

_Paul Storey_
Signature of Petitioner (required)

Petitioner's current address: _Polunsky Unit 3872 FM 350 South_

_Livingston, TX. 77351._