# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| PAUL DAVID STOREY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:20-cv-00685-P |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent, | § | |

## SHOW CAUSE ORDER

The matter before the court is the petition for federal habeas corpus relief filed July 2, 2020 (ECF No. 1) by Petitioner.

## BACKGROUND

This is not petitioner's first attempt to challenge his 2008 Tarrant County capital murder conviction and sentence of death. The Texas Court of Criminal Appeals affirmed Petitioner's conviction and sentence on direct appeal. *Storey v. State*, AP-76,018, 2010 WL 3901416 (Tex. Crim. App. Oct. 6, 2010). On April 9, 2011, the United States Supreme Court denied certiorari review. *Storey v. Texas*, 563 U.S. 919 (2011). The Texas Court of Criminal Appeals subsequently denied Petitioner's first application for state habeas corpus relief on the merits. *Ex parte Storey*, WR-75,828-01, 2011 WL 2420707 (Tex. Crim. App. June 15, 2011).

This court denied Petitioner's first federal habeas corpus petition on the merits in cause No. 4:11-CV- 433-A. *Storey v. Stephens*, 2014 WL 11498164 (N.D. Tex. June 9,014). The Fifth Circuit denied Petitioner a Certificate of Appealability following this court's denial of federal habeas corpus relief. *Storey v. Stephens*, 606 F. App'x 192 (5th Cir. Mar. 18, 2015). The United States Supreme Court denied certiorari review on October 5, 2015. *Storey v. Stephens*, 136 S. Ct. 132 (2015).

Petitioner subsequently returned to state court and filed a second application for state habeas corpus relief which the Texas Court of Criminal Appeals dismissed as an abuse of the writ on October 2, 2019. *Ex parte Storey*, 584 S.W.3d 437 (Tex. Crim. App. 2019). In the course of its opinion dismissing Petitioner's second state habeas corpus application, the state appellate court found as a matter of fact that the factual bases for Petitioner's new *Brady* and *Giglip/Napue* claims were ascertainable at the time he filed his initial state habeas corpus application. *Storey*, 584 S.W.3d at 439. The Supreme Court once again denied certiorari. *Storey v. Texas*, 2020 WL 2105307 (May 4, 2020).

## JURISDICTION

Petitioner's latest petition is governed by Title 28 U.S.C. § 2244(b)(2), which provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless either (1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in the light of the

2

evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the Petitioner guilty of the underlying offense.

This Court is not the appropriate forum in which to litigate the issue of whether his new claims are, in fact, barred by section 2244(b).  In 28 U.S.C. § 2244(b)(3), Congress made the United States Circuit Courts of Appeals the exclusive arbiters of whether a new claim satisfies the standard set forth in section 2244(b)(2), by requiring a federal habeas petitioner seeking to assert a new claim not presented in a previous federal habeas proceeding to move in the appropriate court of appeals for an order authorizing the district court to consider the new application.  Congress granted to the courts of appeals the sole authority to determine whether the petitioner may proceed: "[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."  28 U.S.C. § 2244(b)(3)(C).  The court of appeals' grant or denial of authorization to file a second or successive application is not subject to further review by appeal or a petition for rehearing or writ of certiorari.  28 U.S.C. § 2244(b)(3)(E).  Thus, the United States Court of Appeals for the Fifth Circuit is the sole and exclusive arbiter of whether Petitioner's new claim may be brought in this Court.  Therefore, the issue properly before this Court is not whether to grant or deny Petitioner's second federal habeas corpus petition but, rather, whether this cause should be transferred as a second or successive petition to the Fifth Circuit in accordance with 28 U.S.C. §§ 1631 & 2244(b).

Petitioner argues that his petition filed July 2, 2020 is not a "second or successive petition" because the factual predicate for his new claim was not previously available. Petitioner fails to acknowledge, however, that in the course of its dismissal of his latest state habeas corpus application, the Texas Court of Criminal Appeals ("TCCA") found as a matter of fact that the factual bases for Petitioner's new claims were ascertainable at the time he filed his first state habeas application, i.er., prior to June 15, 2011. *Ex parte Storey*, 584 S.W.3d 437, 439 (Tex. Crim. App. 2019), *cert. denied*, 2020 WL 2105307 (May 4, 2020). Section 2254(e)(1) of Title 28, United States Code, provides a federal habeas petitioner challenging state court factual findings must establish by clear and convincing evidence that the state court's findings were erroneous. *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) ("AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'"); *Rice v. Collins*, 546 U.S. 333, 338-39 (2006) ("State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'"); *Miller-El v. Dretke,* 545 U.S. 231, 240 (2005) ("[W]e presume the Texas court's factual findings to be sound unless Miller-El rebuts the 'presumption of correctness by clear and convincing evidence.'"); 28 U.S.C. §2254(e)(1). It remains unclear at this juncture whether § 2254(e)(1) applies in every case presenting a challenge to a state court's factual findings under § 2254(d)(2). *See Wood v. Allen*, 558 U.S. 290, 300-01 (2010) (choosing not to resolve the issue of § 2254(e)(1)'s possible application to all challenges to a state court's factual findings); *Rice*,

546 U.S. at 339 (likewise refusing to resolve the Circuit split regarding the application of § 2254(e)(1)).

While Petitioner argues that he has only recently discovered evidence supporting his new claims (specifically that he only discovered in 2017 that this victim's parents are generally opposed to the death penalty and opposed the imposition of the death penalty on Petitioner at the time of trial), Petitioner's latest federal habeas corpus petition does not include any fact-specific allegations, much less clear and convincing evidence, showing that the factual bases for his new claims were undiscoverable, despite the exercise of due diligence, at the time Petitioner filed his first federal habeas corpus petition in this court on June 14, 2012.  Petitioner alleges no facts showing that his trial counsel made any effort to investigate whether any member of his victim's family had an opinion at the time of trial regarding the appropriate sentence to be imposed on Petitioner.  Moreover, given the status of Supreme Court precedent at the time of Petitioner's trial, it is far from clear whether Petitioner's trial counsel was under any duty to investigate the subjective views of Petitioner's victim's family members regarding the propriety of the death penalty in general or the appropriateness of the death penalty in Petitioner's case specifically.

Petitioner cites no legal authority and no facts showing that the subjective views of his victim's parents on the propriety of the death penalty, in either his case or generally, had any relevance or materiality to the special issues that were before Petitioner's jury at the punishment phase of his capital murder trial.  In *Booth v. Maryland*, 482 U.S. 496, 508-09 (1987), the Supreme Court held that a capital sentencing authority should not receive information concerning a victim's family members' characterizations of and opinions

about the crime, the defendant, or the appropriate sentence. In *Payne v. Tennessee*, 501 U.S. 808 (1991), the Supreme Court reversed part of its holding in *Booth* to allow a capital sentencing jury to hear evidence regarding the impact of a victim's murder on the community[1] but expressly refused to overrule its prior holding in *Booth* that a murder victim's family member's opinions about the appropriate sentence should not be presented to the jury. *Payne*, 501 U.S. at 830 n.2. The holding in *Payne* does not, therefore, open the door at the punishment phase of a capital trial to evidence of the subjective opinions of a victim's family as to the appropriate punishment.

Furthermore, the subjective opinions of a murder victim's family regarding the appropriate sentence do not reduce the defendant's moral culpability for his capital offense. Thus, they do not constitute mitigating circumstances or "mitigating evidence" as defined by applicable Texas law. *See* Art. 37.071(f)(4), TEX. CODE CRIM. PROC. ANN. (directing a capital trial court to instruct the jury at the punishment phase of trial that it "shall consider mitigating evidence to be evidence that a juror might regard as reducing the defendant's moral blameworthiness").

Finally, insofar as Petitioner now complains about allegedly improper prosecutorial jury argument (as opposed to evidence), his cryptic complaints in his latest federal habeas corpus petition do not specify whether (1) his trial counsel made a timely objection to the

---

[1] The Supreme Court determined that a State may properly conclude that, "for the jury to assess meaningfully the defendant's moral culpability and blameworthiness, it should have before it at the sentencing phase evidence of the specific harm caused by the defendant." *Payne*, 501 U.S. at 825.

6

allegedly improper prosecutorial jury argument, (2) the allegedly improper argument was isolated or recurrent, (3) the allegedly improper argument was a response to an argument by the defense, or (4) the allegedly improper argument rendered the punishment phase of Petitioner's capital murder trial fundamentally unfair. In Texas proper prosecutorial jury argument consists of either (1) a summation of the evidence, (2) a reasonable deduction from the evidence, (3) a response to an opponent's argument, or (4) a plea for law enforcement. *Hughes v. Quarterman*, 530 F.3d 336, 347 (5th Cir. 2008); *Ward v. Dretke*, 420 F.3d 479, 497 (5th Cir. 2005). Improper jury argument is a basis for federal habeas relief only if it is so prejudicial as to render the trial fundamentally unfair. *Darden v. Wainwright*, 477 U.S. 168, 182-83 (1986); *Hughes*, 530 F.3d at 347 (quoting *Harris v. Cockrell*, 313 F.3d 238, 245 (5th Cir. 2002)). Such unfairness exists only if the prosecutor's remarks evince either persistent and pronounced misconduct or the evidence was so insubstantial that in probability but for the remarks no conviction would have resulted. *Geiger v. Cain*, 540 F.3d 303. 308 (5th Cir. 2008); *Hughes*, 530 F.3d at 347 (quoting *Harris*, 313 F.3d at 245).

As explained by the concurring judges of the TCCA in Petitioner's most recent state habeas corpus proceeding, consistent with the holding in *Payne* the spouse of Petitioner's victim gave emotional testimony at the punishment phase of Petitioner's trial regarding the impact of Petitioner's crime upon the victim's family. *Storey*, 548 S.W.3d at 442. There is no allegation currently before this court, however, suggesting that the victim's spouse or any other member of the victim's family gave any testimony concerning their views on the appropriate sentence to be imposed on Petitioner. Petitioner does not allege any specific

facts in his latest federal habeas corpus petition showing that he has ever expressed sincere remorse for his capital offense. Under such circumstances, it is far from clear whether the allegedly improper prosecutorial jury argument about which Petitioner now complains rendered the punishment phase of Petitioner's capital murder trial fundamentally unfair. It is unnecessary for this court to resolve this issue at this juncture.

## IN FORMA PAUPERIS STATUS

Petitioner has neither paid the five-dollar filing fee nor filed a complete In Form Pauperis application. He will be directed to do so.

Accordingly, it is hereby **ORDERED** that:

1. On or before thirty days from the date of this Order, Petitioner shall file a pleading explaining why this action should not be transferred to the Fifth Circuit in accordance with 28 U.S.C. § 1631 for a determination of whether Petitioner's new claims satisfy the requirements of 28 U.S.C. § 2244(b) for a second or successive petition.

2. On or before thirty days from the date of this Order, Petitioner shall either pay the five-dollar filing fee in this cause or file a complete application for leave to proceed In Forma Pauperis, including a certified copy of his inmate trust account statement for the past six months, which statement Petitioner may obtain from the law librarian at his TDCJ facility.

**SO ORDERED** on this **7th day** of **July, 2020.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE